IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:19-CV-26-FL

| | | |
|---|---|---|
| SUSAN MICHELLE LAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 23, 29). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 31), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

**BACKGROUND**

On January 7, 2011, plaintiff filed an application for supplemental security income, alleging disability beginning February 1, 2008. The application was denied initially and upon reconsideration. A hearing was held on August 15, 2012, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated August 29, 2012. After

the appeals council denied plaintiff's request for review, plaintiff commenced an action in this court, docketed as Lamb v. Colvin, 2:14-CV-09-BO (E.D.N.C). In order entered November 19, 2014, this court remanded to defendant for further explanation.

On December 1, 2015, a second hearing was held before an ALJ, who again determined that plaintiff was not disabled. The appeals counsel denied plaintiff's request for review, and plaintiff commenced an action in this court, docketed as Lamb v. Berryhill, 2:16-CV-56-FL (E.D.N.C.). On August 3, 2017, this court this court again remanded to defendant for further proceedings.

On December 13, 2018, a third hearing was held before an ALJ, who again determined that plaintiff was not disabled. Plaintiff commenced the instant action on August 20, 2019, seeking judicial review of defendant's decision.

## DISCUSSION

A. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. At step two, the ALJ found that plaintiff had the following severe impairments: avascular necrosis of right wrist, irritable bowel syndrome, bipolar disorder, generalized anxiety disorder, post-traumatic stress disorder, and poly-substance abuse and dependence. The ALJ also found that plaintiff had nonsevere impairments including: lumbar spondylosis, sacroiliitis, left shoulder tendinitis, history of cervical cancer, asthma, small bowel obstruction, atypical chest pain, passive-dependent personality disorder, paranoid-type schizophrenia, and borderline intellectual functioning. However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to the following limitations:

> [L]ifting less than 10 pounds with dominant, right hand; frequent use of the right, upper extremity to grasp, finger, feel, and handle; occasional stooping, kneeling,

crouching, climbing ramps and stairs, use of her lower extremities to operate foot or leg controls, and use of the non-dominant, left upper extremity for overhead lifting, reaching, [] and pushing. She can frequently use the upper extremities to left, reach, push, and pull in directions other than overhead. She cannot climb ladders, ropes, or scaffolds, and she cannot work with more than occasional exposure to temperature extremes as well as concentrated levels of dust, strong fumes, gases, and other pulmonary irritants. She cannot climb ladders, ropes, or scaffolds, or work around dangerous, moving mechanical parts, and unprotected heights. The claimant is limited to performing simple, routine, repetitive tasks with a reasoning level of two according to the *Dictionary of Occupational Titles* (DOT); understanding and carrying out very short and simple oral and written instructions in two-hour intervals; having occasional, superficial interaction with the general public and occasional, direct interaction with co-workers and supervisor; and working in an environment in which there is little change in its structure; performing jobs not involving high-volume production quotas on a defined timeline or fast-paced assembly work; and allowing for unimpeded access to a restroom during regularly scheduled breaks.

(Transcript of the Record ("Tr.") 1304-05). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

In her objections, plaintiff argues that the ALJ erred by: 1) giving little weight to the opinion of Dr. Thomas Durham, 2) finding that she has the RFC to perform a modified range of light work, 3) determining that plaintiff's statements concerning her symptoms were not entirely consistent with the medical evidence and other evidence in the record, and 4) in failing to accurately set forth all her limitations in the hypothetical question posed to the vocational expert. Plaintiff objects to the determination in the M&R rejecting each of these arguments. Plaintiff, however, identifies no particular error in the analysis of the M&R. Instead, plaintiff restates without substantive alteration arguments made in motion for judgment on the pleadings. (See Pl. Obj. (DE 32) ¶ 5 (incorporating by reference plaintiff's prior brief); Pl. Mem. (DE 24) at 30-39). Upon careful review of the record, the court finds that the magistrate judge already has addressed

5

the arguments set forth in plaintiff's objections, and plaintiff raises no new issues for the court to review de novo. See Orpiano, 687 F.2d at 47. Nonetheless, having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (DE 23) is DENIED, and defendant's motion for judgment on the pleadings (DE 29) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 18th day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge